United States District Court

Eastern District of California

Andrew Otton, Jr.,

       Petitioner,                      No. Civ. S 04-1914 GEB PAN P

  vs.                                   Findings and Recommendations

Claude E. Finn, Warden,

       Respondent.

-oOo-

Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus.  See 28 U.S.C. § 2254.  Respondent[1] moves to dismiss.  Petitioner opposes.

November 2, 1983, petitioner pleaded guilty of first degree murder and February 8, 1984, the trial court sentenced him to 25 years to life in prison.  The appellate court affirmed the conviction and the California Supreme Court denied review and denied habeas relief.

---

[1] Claude E. Finn is substituted as respondent.  See Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1      October 3, 2003, petitioner filed a petition for a writ of
2 habeas corpus in the trial court asserting the Board of Prison
3 Terms' (BPT) decision to deny petitioner release to parole
4 violated petitioner's plea agreement.  October 30, 2003, the
5 court denied relief.  November 19, 2003, petitioner sought
6 rehearing of the denial.  December 18, 2002, the court denied
7 rehearing.  March 29, 2004, petitioner filed a petition for a
8 writ of habeas corpus in the appellate court, asserting BPT
9 violated petitioner's plea agreement.  March 30, 2004, the court
10 denied relief.  April 14, 2004, petitioner filed a "petition for
11 review" in the California Supreme Court, asserting BPT violated
12 petitioner's plea agreement.

13      Respondent contends this action should be dismissed under
14 the abstention doctrine.  The abstention doctrine requires
15 federal courts generally to refrain from interfering with state
16 criminal prosecutions.  <u>Younger v. Harris</u>, 401 U.S. 37, 46
17 (1971).  But petitioner already has been prosecuted and convicted
18 and the California courts have affirmed the judgment.  Since
19 petitioner challenges the BPT's decision not to release him to
20 parole and has a challenge pending in state court, the exhaustion
21 doctrine applies.

22      A district court may not grant a petition for a writ of
23 habeas corpus unless the applicant has exhausted the remedies
24 available in the courts of the State unless there is no state
25 corrective process or the circumstances render such process
26 ineffective to protect the rights of the applicant.  28 U.S.C. §

2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting both the facts and the legal theory to the highest state court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 278 (1971). General appeals to constitutional principles, such as due process, equal protection and the right to a fair trial, are insufficient to exhaust a claim. <u>See</u> <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996). A petitioner must identify the "specific federal constitutional guarantee," <u>Gray</u>, 518 U.S. at 162-63, even if the facts make a constitutional theory "self-evident." <u>See</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1982).

A claim is unexhausted if any state remedy is available. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999) (petitioner must seek discretionary review from state court of last resort); <u>Roberts v. Arave</u>, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). An unexhausted petition must be dismissed. <u>Picard</u>, 404 U.S. at 271.

Petitioner contends that since his April 14, 2004, "petition for review" has been pending for more than 90 days, it is deemed denied pursuant to Rule 28.2(b), California Rules of Court. Respondent, however, provides evidence the California Supreme Court construed petitioner's April 14, 2004, application as a habeas petition.

In lieu of a habeas petition a prisoner may, within 10 days of an appellate court's order denying habeas relief, file a petition for review in the California Supreme Court. See California Rules of Court, Rule 28(a)(1) (a party may seek review of "any decision of the Court of Appeal"); In re Reed, 33 Cal.3d 914, n.2, (Cal. 1983) (overruled on other grounds). Petitioner filed his application more than 10 days after the appellate court denied habeas relief. The California Supreme Court apparently construed the application as a petition for habeas corpus rather than reject it as an untimely petition for review.

Accordingly, since petitioner's claims are pending before the California Supreme Court on a petition for habeas corpus, the claims in petitioner's federal habeas petition are unexhausted. For these reasons, I recommend respondent's January 13, 2005, motion to dismiss be granted[2] and this action be dismissed without prejudice.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Written objections may be filed within 20 days of service of these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district

---

[2] Petitioner is advised that a one-year limitation period applies to federal habeas corpus actions. 28 U.S.C. § 2244(d). If the district judge adopts these findings and recommendations and dismisses this action, petitioner must proceed in a timely fashion once the California Supreme Court resolves his petition.

4

1 judge may accept, reject, or modify these findings and
2 recommendations in whole or in part.
3     Dated:  June 7, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge